**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF MISSISSIPPI
WESTERN DIVISION**

**BRIAN RANDLE et al**                                                                          **PLAINTIFFS**

**V.**                                                                                  **CASE NO. 3:05CV74**

**CITY OF NEW ALBANY, MISSISSIPPI**                                              **DEFENDANT**

## MEMORANDUM OPINION

This cause comes before the Court on cross-motions for partial summary judgment [32-1; 34-1]. The Court has reviewed the briefs and exhibits and is prepared to rule.

The plaintiffs are a group of current and former firefighters employed by the City of New Albany, as well as New Albany Fire Chief Richard Hamric (collectively "the firefighters"). The defendant is the City of New Albany ("the City"). The firefighters filed this action against the City seeking compensatory and punitive damages for unpaid overtime pursuant to the Fair Labor Standards Act ("FLSA"), as well as a state law claim for conversion. On June 29, 2006, the parties entered a stipulation of dismissal as to the state law claim and the punitive damages claim. The only remaining claim is for violation of the FLSA and wrongful denial of overtime pay. The parties now seek partial summary judgment on several issues relevant to the disposition of that final claim.

Summary judgment is appropriate when the pleadings, depositions, answers to interrogatories, and admissions on file, together with affidavits, if any, show that there is no genuine issue of material fact and the moving party is entitled to judgment as a matter of law. Fed. R. Civ. P. 56(c); Celotex Corp. v. Catrett, 477 U.S. 317, 323, 106 S.Ct. 2548, 91 L.Ed.2d 265 (1986). An issue of material fact is genuine if a reasonable jury could return a verdict for the nonmovant. Anderson v. Liberty Lobby, 477 U.S. 242, 248, 106 S.Ct. 2505, 2510, 91 L.Ed.2d 202 (1986). In

reviewing the evidence, this Court must draw all reasonable inferences in favor of the nonmoving party, and avoid credibility determinations and weighing of the evidence. Reeves v. Sanderson Plumbing Prods. Inc., 530 U.S. 133, 120 S.Ct. 2097, 2110, 147 L.Ed.2d 105 (2000). In so doing, the Court must disregard all evidence favorable to the moving party that the jury is not required to believe. Reeves, 120 S.Ct. at 2110.

In the case at bar, the City concedes that the firefighters are entitled to some amount of overtime pay. However, the parties disagree on how much is appropriate. In total, there are three issues which are the subject of the instant motion. First, the City argues that it is entitled to rely on the exemption to the FLSA contained in 29 U.S.C. § 207(k) (the "7(k) exemption"), while the firefighters argue that as a matter of law, the 7(k) exemption does not apply. If the exemption does not apply, then the City was required to calculate the firefighters' overtime based on a forty-hour work week, but if it does apply, then the City was entitled to calculate the overtime based on whatever work period was in effect. Closely related to this issue is the question of whether the City established a regular pay period other than one specifying a forty-hour work week, which cuts to the heart of whether the 7(k) exemption applies. The parties disagree on what work period was established by the City, and each argues that summary judgment is proper on this issue. Finally, the parties disagree on what statute of limitations, if any, is applicable to this case.

The FLSA establishes the general rule that employees must receive overtime compensation at one and one-half times the regular rate for hours worked in excess of 40 hours during a seven-day workweek. 29 U.S.C. § 207(a). However, under the exemption contained in § 7(k)[1], the overtime

---

[1]Section 7(k) states:
No public agency shall be deemed to have violated subsection (a) of this section with respect to

provisions of the FLSA are not applicable to any "employee in fire protection activities," if the employer has adopted a work period of between 7 and 28 days to cover employees who work odd shifts (such as the 24 hours on/48 hours off shifts at issue here). 29 U.S.C. § 207(k); McGavock v. City of Water Valley, Miss., 2006 WL 1593906, *2 (5th Cir. 2006). The purpose of § 7(k) is "to soften the impact of the FLSA's overtime provisions on public employers" by increasing the number of hours that the employer can require firefighting and law enforcement personnel to work without triggering the overtime requirement and by allowing public employers to adopt work periods longer than one week so as to accommodate the unpredictable nature of firefighting and law enforcement work. O'Brien v. Town of Agawam, 350 F.3d 279, 290 (1st Cir. 2003)("The longer the work period, the more likely it is that days of calm will offset the inevitable emergencies, resulting in decreased overtime liability.")

As the Fifth Circuit has explained:

> If the municipality adopts a 7-day work period, it need not pay overtime compensation to its fire fighters until they have worked over 53 hours in a single week. If the municipality adopts a 14-day work period, it need not pay overtime compensation to its fire fighters until they have worked over 106 hours in the two-week period. If the municipality adopts a 28-day work period, it need not pay

---

the employment of any employee in fire protection activities or any employee in law enforcement activities (including security personnel in correctional institutions) if-

(1) in a work period of 28 consecutive days the employee receives for tours of duty which in the aggregate exceed the lesser of (A) 216 hours, or (B) the average number of hours (as determined by the Secretary pursuant to section 6(c)(3) of the Fair Labor Standards Amendments of 1974) in tours of duty of employees engaged in such activities in work periods of 28 consecutive days in calendar year 1975; or (2) in the case of such an employee to whom a work period of at least 7 but less than 28 days applies, in his work period the employee receives for tours of duty which in the aggregate exceed a number of hours which bears the same ratio to the number of consecutive days in his work period as 216 hours (or if lower, the number o hours referred to in clause (B) of paragraph (1)) bears to 28 days, compensation at a rate not less than one and one-half times the regular rate at which he is employed.

3

> overtime compensation to its fire fighters until they have worked over 212 hours in that four-week period. Thus, by adopting a § 207(k) work period, a municipality can limit the number of hours for which it must pay "time-and-a-half" to its fire fighters.

Singer v. City of Waco, Tex. 324 F.3d 813, 818 (5th Cir. 2003)(citations omitted). The § 7(k) exemption only applies if two conditions are met: (1) the employees are engaged in fire protection" within the meaning of the statute, and (2) the employer has adopted a qualifying "work period." O'Brien, 350 F.3d at 290; Barefield v. Village of Winnetka, 81 F.3d 704, 710 (7th Cir. 1996); Birdwell v. City of Gadsden, 970 F.2d 802, 805 (11th Cir. 1992). It is undisputed that the first condition is met here.

In its motion for summary judgment, the City argues that the firefighters are scheduled to work a 21-day work period and that the existence of this period is supported by various admissions made by the plaintiffs. In its response to the plaintiffs' motion, however, the City changes course, arguing that the firefighters are actually supposed to work an 18-day work period as established by a minute entry from the City's minute books dated May 7, 1985. For their part, the firefighters argue that they have always worked under a 40-hour work week period and that the City has never adopted any other work period under § 7(k). The firefighters support their argument with deposition testimony of New Albany City Clerk Anne Neal, who has apparently testified that the firefighters are on a 40-hour work week. The City disputes both the relevance of Neal's testimony and the firefighters' interpretation of it.

The Court finds that there are disputed issues of fact which preclude summary judgment on the question of whether the City has adopted a qualifying work period under § 7(k), as there is plainly evidence supporting the positions of both parties and the evidence of the City is itself inconsistent. Because summary judgment is precluded on whether the City has adopted a qualifying

4

work period, if follows that summary judgment is also precluded on the question of whether or not the City is entitled to rely on the § 7(k) exemption. Accordingly, summary judgment is denied to both parties on this issue.

Next, the Court turns to the statute of limitations issue. The statute of limitations for FLSA claims is generally two years, but may be extended to three years upon a finding that the violation was "willful." 29 U.S.C. § 255(a). The firefighters first argue that the Court should ignore the statute of limitations entirely by holding either that the statute of limitations was equitably tolled by the conduct of the City or else that the City should be equitably estopped from raising a statute of limitations defense. As such, the firefighters assert that they will be able to pursue all overtime wages due them from 1981 (the date when the City last changed its pay practices) until the filing of the complaint. Failing that, the firefighters argue that the City's conduct was willful and in bad faith.[2] Consequently, the longer, three-year statute of limitations should apply.

In support of equitable tolling/estoppel, the firefighters rely on the following: (1) the City's actions in repeatedly telling them that the City's pay practices complied with the FLSA, which "lulled" the firefighters into believing that litigation was unnecessary, (2) the City's failure to post the wage and hour roster at the firefighter's place of employment as is required by 29 C.F.R. § 516.4 prior to the commencement of this action. The firefighters argue that the City's willfulness is shown by its insistence that the firefighters were not owed overtime despite their repeated complaints, an

---

[2]In addition to affecting the Court's analysis of the statute of limitations, the good faith/bad faith question also affects whether the firefighters are entitled to liquidated damages. Such damages are mandatory, unless the employer persuades the Court that it acted in good faith and it had reasonable grounds for believing that its actions complied with the FLSA. 29 C.F.R. § 790.22. The evidence of good faith/bad faith turns largely on conflicting testimony, and the Court finds that summary judgment on the question of liquidated damages is inappropriate at this stage of the proceedings.

insistence now belied by the City's admission that the firefighters are owed at least some overtime.

The Fifth Circuit explained the difference between equitable tolling and equitable estoppel in Rhodes v. Guiberson Oil Tools, stating that "[e]quitable tolling focuses on the plaintiff's excusable ignorance of the employer's discriminatory act" while "[e]quitable estoppel, in contrast, examines the defendant's conduct and the extent to which the plaintiff has been induced to refrain from exercising his rights." 927 F.2d 876, 878 (5th Cir. 1991)(quoting Felty v. Graves-Humphreys, Co., 785 F.2d 516, 519 (4th Cir. 1986)).

The Court finds that there are disputed issues of fact which preclude summary judgment on the question of whether the statute of limitations should be applied, including but not limited to: (1) whether or not the City complied with 29 C.F.R. § 516.4 and posted a wage and hour roster at the firefighters' place of employment and (2) whether or not certain individuals who may have had the authority to speak for the City knowingly misled the firefighters about the City's overtime obligations. Accordingly, summary judgment is denied to both parties on this issue. Summary judgment is likewise denied to both parties on the question of whether the City's violation was willful.

Based on the foregoing analysis, it is hereby ORDERED that the Plaintiffs' motion for partial summary judgment [32-1] is DENIED and that the Defendant's motion for partial summary judgment [34-1] is DENIED. A separate order to that effect shall issue this day.

This is the 25th day of July, 2006.

                                     /s/ Michael P. Mills
                                    **UNITED STATES DISTRICT JUDGE**