# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF MISSISSIPPI
# WESTERN DIVISION

**BRIAN RANDLE et al**                                                                                **PLAINTIFFS**

**V.**                                             **CASE NO. 3:05CV74**

**CITY OF NEW ALBANY, MISSISSIPPI**                                       **DEFENDANT**

## ORDER

This cause comes before the Court on the plaintiffs' motion in limine [53-1]. The Court has reviewed the briefs. The Court finds that this motion should be GRANTED IN PART with some of the evidentiary matters RESERVED FOR TRIAL as follows:

The plaintiffs' motion to exclude any evidence of the criminal records of plaintiffs Kevin White, Timothy Hatcher, Shane Wommack or Brian Randle is GRANTED pursuant to Fed. R. Evid. 403 as its probative value is outweighed by its prejudicial effect. As the plaintiffs note, the fact that some of the firefighters may have acquired criminal records has no bearing on whether the City was required to pay them overtime.

The plaintiffs' motion to exclude evidence concerning what work was performed by them while on duty is GRANTED, as such evidence is irrelevant to this case. See 29 C.F.R. § 785.15:

> A stenographer who reads a book while waiting for dictation, a messenger who works a crossword puzzle while awaiting assignments, fireman who plays checkers while waiting for alarms and a factory worker who talks to his fellow employees while waiting for machinery to be repaired are all working during their periods of inactivity.

The plaintiffs' motion to exclude any reference to the City's wealth or lack thereof is conceded by both parties and is therefore GRANTED.

The plaintiffs' motion to exclude comments about the attorneys or law firms representing

them is GRANTED pursuant to Fed. R. Evid. 403 as the probative value of such evidence is outweighed by its prejudicial effect.

The plaintiffs' motion to exclude evidence regarding the fact that some of the plaintiffs are no longer employed by the City is RESERVED FOR TRIAL at which time the City can more fully explicate its basis for why such evidence should be admissible.

This is the 25th day of July, 2006.

                                       **/s/ Michael P. Mills**
                                       **UNITED STATES DISTRICT JUDGE**